UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:26-mc-00004-DOC-JDEx | Date | April 8, 2026 |
|---|---|---|---|
| Title | Performance Designed Products LLC v. OKYN Holdings, Inc., etc. | | |

Present: The Honorable    John D. Early, United States Magistrate Judge

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**    (IN CHAMBERS) Order Transferring Motion to Quash [Dkt. 1] **JS-6**

**I.**
**INTRODUCTION**

On March 31, 2026, non-party Turtle Beach Corporation ("Movant") filed a Motion to Quash Deposition Subpoena or, in the Alternative, for a Protective Order (Dkt. 1, "Motion"), with a supporting Local Rule 37-2 Joint Stipulation (Dkt. 2) and other supporting and opposing papers, seeking relief from a subpoena directed to Movant by OKYN Holdings, Inc., d/b/a/ Nyko Technologies ("Nyko") in a case pending in the United States District Court for the Southern District of California ("SDCA") styled Performance Designed Products LLC v. KKYN Holdings, Inc. d/b/a/ Nyko Technologies, SDCA Case No. 3:25-cv-01360-RBM-JLB (the "SDCA Case"). In the Joint Stipulation, Movant advises that it "Consents to Have This Motion Transferred" to the SDCA as part of the SDCA Case and Nyko. Dkt. 2 at 92. Nyko states it "would not object to having the motion heard" in the SDCA Case, but asserts that this Court lacks jurisdiction in the first instance and thus lacks authority to transfer the Motion and seeks sanctions against Movant. Id. at 93. "has no objection to transferring" the Motion to the SDCA. Dkt. 2 at 62-63. In response to the jurisdictional challenge, Movant argues the Motion was properly filed in this district in the first instance. Dkt. 7 at 5.

The Court finds the Motion may appropriately be decided without further briefing or oral argument and rules as follows.

Rule 45(f) of the Federal Rules of Civil Procedure provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Whether to transfer a subpoena-related motion is within the discretion of the court where compliance is required. See Youtoo Tech., LLC v. Twitter, Inc., 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017). The "prime concern" in deciding Rule 45(f) transfer motions is "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendment; Youtoo, 2017 WL 431751, at *2 (explaining the Rule's focus is on the local nonparty, not the issuing party).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:26-mc-00004-DOC-JDEx | Date | April 8, 2026 |
|---|---|---|---|
| Title | Performance Designed Products LLC v. OKYN Holdings, Inc., etc. | | |

Here, Movant, the local non-party, consents to transfer. Nyko, the subpoenaing party, "would" also consent were it not for its argument that the Motion was filed in the wrong district to begin with—an argument, disputed by Movant, that would require the Court to make factual findings best made, if at all, in the SDCA Case. As such, with Movant's consent and Nyko's absence of objection other than one based on a contested jurisdictional challenge best decided, if at all, in the SDCA Case, the Court ORDERS the Motion (Dkt. 1) and all supporting and opposing papers shall be TRANSFERRED to the SDCA in the SDCA Case.

The Clerk is directed to transfer Movant's Motion to Quash (Dkt. 1) and all supporting and opposing papers to the United States District Court for the Southern District of California for determination in connection with the underlying litigation <u>Performance Designed Products LLC v. KKYN Holdings, Inc. d/b/a/ Nyko Technologies,</u> (S.D. Cal.) Case No. 3:25-cv-01360-RBM-JLB. The Clerk is further directed to administratively close this case.

IT IS SO ORDERED.

| | |
|---|---|
| Initials of Courtroom Deputy | ARO |